# Truss & Co. v. Byers.

### Action of Trover.

1. *Action of trover by mortgagee; when plaintiff not entitled to recover.*—In an action of trover to recover for the alleged wrongful conversion of cotton, where the plaintiff claims under a mortgage which was given upon the cotton to be grown by the mortgagor in St. Clair county, the plaintiff is not entitled to recover when he fails to show that the cotton delivered by the mortgagor to the defendant and alleged to have been converted by the latter was grown in St. Clair county; it being incumbent on the plaintiff in such action to show that his mortgage covered the property which went into the possession of the defendant.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. JOHN PELHAM.

The facts of the case are sufficiently stated in the opinion.

J. F. OSBORN, for appellant, cited *Christian v. Mich-ael*, 121 Ala. 84; *Paden v. Ballinger*, 87 Ala. 575; *Burns v. Campbell*, 71 Ala. 288.

JOHN W. INZER, *contra*, cited *Truss v. Harvey*, 120 Ala. 336; *O'Neal v. Seixas*, 85 Ala. 80; *Pierce v. Jack-son*, 56 Ala. 599; *Whiteshoffer v. Strauss*, 83 Ala. 517; *Heflin v. Slay*, 78 Ala. 180.

HARALSON, J.—The case was tried on an agreed statement of facts, from which it appears that on the 5th of December, 1900, H. M. Morgan executed to the defend-ant, Ada V. Byers, a mortgage on his cotton crops to be raised by him in 1901 in St. Clair county, to secure an indebtedness past due and an indebtedness created that day, in the sum of $85, due and payable on the 1 October, 1901, which mortgage was duly recorded in the office of the probate court, on the 17th day of December, 1900. Afterwards, on the 5th of January, 1901, said Morgan executed to plaintiffs, Geo. M. Truss & Co., a mortgage on his cotton crop to be grown that year, in said county of St. Clair, to secure a debt then due of $62.74, and $100 to be advanced for supplies to enable him to make a crop the same year, which mortgage became due, the 1st of October, 1901, and was duly recorded in the office of the probate court of said county, on the 15th January, 1901. After the mortgage became due, and in October, 1901, the mortgagor, Morgan, carried to Ashville, in said county, the place of business of the defendant and deliv-ered to her two bales of cotton to be credited on his said mortgage indebtedness to defendant. Credit was given to the mortgagor, Morgan, on that account, for $75.74, leaving a balance due on said mortgage of about $10. Afterwards, the plaintiffs demanded the two bales of cot-ton of defendant, and she refused to deliver the same, and refused to pay plaintiffs therefor. The plaintiffs brought this suit against defendant for the conversion of said cotton, and seek to maintain it, on the ground, that they had a claim to it superior to that of defendant. The court gave the general charge for the defendant, and re-

[Pace v. Smith.]

fused to give a like charge for the plaintiffs, and these rulings are assigned as errors.

It is unnecessary, from the view we take of the case, to pass on the priority of right as between the plaintiffs and defendant under said mortgage. It was incumbent on the plaintiffs to show, that they had a mortgage on the property and its superiority in right over defendant's mortgage. Their mortgage was on the crop of said Morgan to be raised by him in 1901 *in St. Clair county.* The proof fails to show that the cotton delivered to defendant by Morgan, was grown in that county. From aught appearing, the two bales may have been raised elsewhere than in St. Clair, or purchased by the mortgagor, or raised by him elsewhere, and turned over to defendant to be credited on her mortgage. Plaintiffs' case, if for no other reason, broke down for lack of proof to show that they had any right or title to the cotton, and there was no error in the ruling below, giving the charge requested by defendant, and refusing the one asked by plaintiffs.

Affirmed.